```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-26-15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLAINS PRODUCT TERMINALS LLC,

                      Plaintiff,

      - against -

SOLUTIONS, ACQUISITIONS, LOGISTICS &
TRAINING LLC,

                      Defendant.

REPORT AND
RECOMMENDATION

13-CV-7359 (RMB) (RLE)

TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:

## I. INTRODUCTION

Plaintiff Plains Product Terminals LLC ("Plains") commenced this action against Defendant Solutions, Acquisitions, Logistics & Training LLC ("SALT") for breach of contract. (Doc. No. 1.) On November 25, 2014, the Honorable Richard M. Berman entered default judgment against SALT and referred the case to the undersigned for an inquest on damages. (Doc. Nos. 20, 21.) For the following reasons, I recommend that the Court award damages to Plains in the amount of $1,140,750, plus interest at a rate of one and a half percent (1.5%) per month, calculated from June 30, 2013, until June 30, 2015, totaling **$1,534,290.75**.

## II. BACKGROUND

### A. Factual Background

SALT is a privately held business that consults on engineering, accounting, research, and management services.[1] Plains is a company that transports and stores natural resources.[2] In a

---

[1] *Solutions, Acquisitions, Logistics, and Training,* BUZZFILE, www.buzzfile.com/business/Solutions,-Acquisitions,-Logistics,-and-Training-LLC-601-335-3298 (last visited June 4, 2015).

[2] *Plains Products Terminals LLC*, CORPORATIONWIKI, www.corporationwiki.com/Texas/Houston/plains-products-terminals-llc/46853498.aspx (last visited June 4, 2015).

written terminal services agreement dated May 31, 2013, SALT contracted to store diesel fuel in Plains's storage tanks for three years at a rate of $380,250 per month. (Doc. No. 18, Ex. F.) For the first three months, the tanks remained empty and SALT did not pay Plains for the storage space. (Doc. No. 18, Ex. A.) Plains provided SALT invoices for June, July, and August of 2013; however, after three months of nonpayment, on August 22, 2013, Plains sent SALT a default notice demanding $1,140,750 within five business days to remedy SALT's breach of contract. (Doc. No. 18, Exs. G, H.)

SALT's Chief Financial Officer ("CFO"), John Moran, accepted the default statements without objection and acknowledged the debt in an email to Plains's attorneys. (Doc. No. 18, Ex. C.) On October 5, 2013, he wrote:

> We are aware of the liability and may be in position to make payment within 10 days. Our legal counsel have relationships with Plains Terminal. Jesse is leaving for Hong Kong within 72 hours and is in position to close a transaction this week that will address this matter. Please exhibit some patience as we have been defrauded of fuel that was to have gone into the Plains tanks in New Jersey in late July.

(*Id.*)

In a separate email dated May 9, 2014, SALT's Chief Executive Officer ("CEO"), Jesse Grantham, promised to pay the debt by the end of May 2014, stating, "Kim Johnson will be in contact with you today after her court appearance. She will be our attorney working with you to have the debt taken care of before the month is out." (Doc. 18, Exs. A, C.) SALT, however, never repaid the debt. (Doc. No. 18, Ex. A.) Plains seeks the amount that they would have received had SALT fulfilled the contract terms, $1,140,750 for three months of storage, plus interest. (*Id.*)

## B. Procedural Background

On October 18, 2013, Plains filed the Complaint. (Doc. No. 1.) Although a summons was issued, Plains failed to serve SALT because SALT's last registered agent resigned, SALT did not appoint a new agent, and the CEO vacated his last known address. (Doc. No. 18, Ex. A.) On March 27, 2013, Judge Berman held a conference and approved alternative means of service to contact SALT. (Doc. No. 11.) On April 9, 2013, Judge Berman granted Plains sixty days to effectuate service at SALT's last known address,[3] SALT CEO's last known address,[4] and the last known email addresses of SALT's CFO and CEO.[5] (Doc. No. 13.) Judge Berman also ordered SALT to answer the Complaint or file any motions within thirty days. (*Id.*) Plains sent SALT the Summons, Complaint, and Order granting alternative service on April 14, 2014. (Doc. No. 14.)

SALT failed to answer or otherwise move, and on November 3, 2014, the Clerk of Court entered a Certificate of Default against SALT. (Doc. No. 15.) On November 17, 2014, Judge Berman ordered SALT to show cause why default judgment should not be issued pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. No. 17.) Plains filed affidavits supporting their damages claims. (Doc. No. 18.) On November 25, 2014, Judge Berman granted default judgment and referred the matter to the undersigned for an inquest on damages. (Doc. Nos. 20, 21.)

---

[3] Solutions, Acquisitions, Logistics & Training LLC, 441 Northpark Drive, Ridgeland, MS 39157.

[4] Solutions, Acquisitions, Logistics & Training LLC, C/O Jesse C. Grantham, 1008 East Magnolia Street, Ellisville, MS 39437.

[5] John Moran, SALT CFO, moranjohn4@me.com, and Jesse Grantham, SALT CEO, jesse_grantham2000@yahoo.com; jessegrantham@icgservices.com. (Doc. No. 18, Ex. D.) Plains had previously used these email addresses to correspond with SALT. (Doc. No. 18, Ex. C.)

3

On December 1, 2014, the undersigned ordered the Parties to appear for an inquest conference on December 18, 2014. (Doc. No. 23.) SALT did not appear for the conference. (*Id.*) On January 16, 2015, the undersigned ordered SALT to file an opposition to Plains's affirmations on or before February 16, 2015. (Doc. No. 24.) SALT did not respond.

In its affirmations, Plains requests: $1,140,750 in contract damages, plus eighteen percent (18%) interest per year from June 30, 2013, and costs and disbursements of the action.[6] (Doc. No. 18, Exs. A, B.) SALT did not file an opposition.

### III. DISCUSSION

#### A. Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure requires a court to enter default judgment against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After default judgment, a court accepts factual allegations as true, except those relating to damages. *Cotton v. Slone*, 4 F.3d 176 (2d Cir. 1993). While a court usually conducts an inquest hearing to determine damages, a hearing is not necessary where extensive documentary evidence is available. Fed. R. Civ. P. 55(b)(2); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105 (2d Cir. 1997). A court should take any necessary steps to establish damages with reasonable certainty. 109 F.3d at 111. The damages awarded must not "differ in kind from" what the plaintiff demands in the pleadings. Fed. R. Civ. P. 54(c). *See also, Silge v. Merz*, 510 F.3d 157 (2d Cir. 2007).

Judge Berman ordered default after SALT did not respond to the order to show cause. (Doc. No. 20.) SALT further failed to appear at an inquest conference on damages and did not oppose Plains's supportive documents regarding damages. (Doc. No. 23.) Plains submitted

---

[6] Plains provided no documentation for costs and disbursement or attorney's fees. (Doc. No. 18, Ex. A.)

4

sufficient documentary evidence for the Court to make a recommendation for damages. (Doc. No. 18.)

## B. Computation of Damages

Damages for breach of contract are determined by calculating the "amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490 (2d Cir. 1995). Unless the amount of damages is certain, a court entering default judgment is required to make an independent determination of the sum it awards. Fed. R. Civ. P. 55. A court awards prejudgment interest according to the contractual interest rate. *Astoria Fed. Sav. and Loan Ass'n v. Rambalakos*, 49 A.D.2d 715, 716 (2d Dep't 1975).

Here, Plains claims $1,140,750 in principal and an interest rate of eighteen percent (18%) per year beginning on June 30, 2013. (Doc. No. 18, Ex. A.) The contract's interest clause states the following:

> Any portion of any invoice issued by Operator [Plains] to Customer [SALT] pursuant to this Agreement that is not paid by the tenth (10th) Business Day after the date of such invoice and not otherwise disputed pursuant to Section 8.3 will bear interest on the unpaid amount for each month (or portion thereof) at the lesser rate of the following: (a) one and a half percent (1.5%); or (b) the highest rate allowed under applicable law.

(Doc. No. 18, Ex. F, ¶ 8.2.) The monthly rate of one and a half percent (1.5%) translates to a yearly rate of eighteen percent (18%), which is less than the twenty-five percent (25%) per year allowed under New York Penal Law.[7] Under the terms of the contract, the eighteen percent (18%) rate is therefore applicable. Calculated to June 30, 2015, the amounts due are:

---

[7] Under N.Y. Penal Law §§ 190.40 and 190.42, an interest rate that exceeds twenty-five percent (25%) annually is criminally usurious for loans less than $2.5 million. *Scantek Med., Inc. v. Sabella*, 582 F. Supp. 2d 472, 473 (S.D.N.Y. 2008).

5

| Month | Principal Amount | Interest Fee Per Month | Total Months | Total Interest | Total Owed Per Invoice |
|---|---|---|---|---|---|
| June 2013 | $380,250.00 | $5,703.75 | 24 | $136,872.00 | $517,122.00 |
| July 2013 | $380,250.00 | $5,703.75 | 23 | $131,186.25 | $511,436.25 |
| August 2013 | $380,250.00 | $5,703.75 | 22 | $125,482.50 | $505,732.50 |
| **TOTAL:** | $1,140,750.00 | $17,111.25 | 69 | $393,540.75 | **$1,534,290.75** |

I therefore recommend that judgment be entered on behalf of Plains in the amount of **$1,534,290.75**, which includes $1,140,750 in principal and $393,540.75 in interest up to and including June 30, 2015, and that additional interest be added at one and a half percent (1.5%) per month until entry of judgment.

## IV. CONCLUSION

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 1650, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 1970, New York, New York 10007. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d); *Thomas v. Arn,* 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*).

**DATED: June 26, 2015**
**New York, New York**

Respectfully Submitted,

*/s/ Ronald Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

6